T.C. Summary Opinion 2011-106

UNITED STATES TAX COURT

RANDALL C. AND LESLIE A. WHITNEY, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 20393-09S.                    Filed August 30, 2011.

Randall C. and Leslie A. Whitney, pro sese.

<u>Chong S. Hong</u>, for respondent.


HAINES, <u>Judge</u>:  This case was heard pursuant to section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended for the years at issue, and Rule references are to the Tax Court Rules of Practice and Procedure.  Amounts are rounded to the nearest dollar.

Some of the facts have been stipulated and are so found. The first stipulation of facts and the stipulation of settled issues, together with the attached exhibits, are incorporated herein by this reference. At the time petitioners filed their petition, they resided in California.

Respondent determined deficiencies in petitioners' Federal income tax and additions to tax as follows:

| | | Additions to Tax | |
|---|---|---|---|
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6651(a)(2) |
| 2003 | $4,100 | $923 | $2,540 |
| 2004 | 667 | --- | --- |

The sole issue remaining for decision is whether petitioners are liable for the additions to tax pursuant to section 6651(a)(1) and (2) for 2003.

## Background

Petitioner Randall Whitney (Mr. Whitney) is a limited partner in the Darrow Family Partnership (DFP). In 2003 DFP had a disagreement with New York Life Insurance (NYL) regarding the Federal tax consequences of an annuity held with NYL. DFP's position was that it should recognize income from the annuity only when amounts were "paid out". NYL issued DFP a Form 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., requiring DFP to recognize income from the annuity that had accrued but had not been distributed. As a result, DFP failed to timely issue Mr.

Whitney a Schedule K-1, Partner's Share of Income, Credits, Deductions, etc., for 2003.

Petitioners filed Form 2688, Application for Additional Extension of Time To File U.S. Individual Income Tax Return, for 2003, requesting an extension of their filing deadline to October 15, 2004. Respondent received petitioners' return for 2003 on April 8, 2005. Petitioners' return for 2003 shows a tax liability and wage withholding of $12,876 and $4,688, respectively.

On July 10, 2009, respondent issued a notice of deficiency to petitioners. Petitioners timely filed their petition with this Court on August 26, 2009.

Discussion

## I. Burden of Proof

The Commissioner has the burden of production with respect to any penalty, addition to tax, or additional amount. Sec. 7491(c). The Commissioner satisfies this burden of production by coming forward with sufficient evidence indicating that it is appropriate to impose the penalty. See Higbee v. Commissioner, 116 T.C. 438, 446 (2001). Once the Commissioner satisfies this burden of production, the taxpayer must persuade the Court that the Commissioner's determination is in error by supplying sufficient evidence of an applicable exception. Id.

II. <u>Section 6651(a)(1) and (2) Additions to Tax</u>

Section 6651(a)(1) imposes an addition to tax for failure to file a return on the date prescribed unless the taxpayer can establish that the failure is due to reasonable cause and not due to willful neglect.  The parties do not dispute that petitioners failed to timely file a Federal income tax return for 2003.  Accordingly, respondent has satisfied his burden of production under section 7491(c).

Section 6651(a)(2) imposes an addition to tax for failure to pay the amount shown as tax on the taxpayer's return on or before the date prescribed unless the taxpayer can establish that the failure is due to reasonable cause and not due to willful neglect.[2]  Sufficient payments are made if the tax liability shown on the return less the amount of tax paid by the statutory due date is no greater than 10 percent of the amount of the tax liability shown on the return.  Sec. 301.6651-1(c)(3)(i), Proced. & Admin. Regs.

Petitioners' return for 2003 shows a tax liability of $12,876.  Respondent submitted Form 4340, Certification of Assessments, Payments, and Other Specified Matters, certifying that petitioners' 2003 wage withholding was $4,688, far below the

---

[2]The amount of the addition to tax under sec. 6651(a)(2) reduces the amount of the addition to tax under sec. 6651(a)(1) for any month to which an addition to tax applies under both paragraphs.  Sec. 6651(c)(1).

regulation's requirement. Petitioners' return for 2003 indicates that they made additional payments towards their 2003 tax liability. However, the Form 4340 does not reflect any additional payments, respondent has no other records of these payments, and petitioners have failed to present any proof that such payments were made. Thus, respondent has produced sufficient evidence that petitioners are liable for the section 6651(a)(2) addition to tax for 2003 unless an exception applies. See Higbee v. Commissioner, supra at 446.

III. Reasonable Cause

Reasonable cause is a defense to the section 6651(a)(1) and (2) additions to tax. To prove reasonable cause for a failure to timely file, petitioners must show that they exercised ordinary business care and prudence and were nevertheless unable to file the return within the prescribed time. See Crocker v. Commissioner, 92 T.C. 899, 913 (1989); sec. 301.6651-1(c)(1), Proced. & Admin. Regs. To prove reasonable cause for a failure to pay the amount shown as tax on a return, petitioners must show that they exercised ordinary business care and prudence in providing for payment of their tax liability and nevertheless either were unable to pay the tax or would suffer undue hardship if they paid the tax on the due date. See sec. 301.6651-1(c)(1), Proced. & Admin. Regs. The determination of whether reasonable cause exists is based on all the facts and circumstances. Estate

of Hartsell v. Commissioner, T.C. Memo. 2004-211; Merriam v. Commissioner, T.C. Memo. 1995-432, affd. without published opinion 107 F.3d 877 (9th Cir. 1997).

Petitioners concede that they failed to file their return for 2003 in time but argue that they had reasonable cause because the dispute with NYL caused DFP to fail to provide Mr. Whitney's Schedule K-1 in time for them to timely file. Consequently, they claim they did not have the information needed to timely file their return for 2003. Petitioners further argue that because they were unable to file a timely return, they were also unable to timely pay the tax liability shown on their return.

The unavailability of information or records does not necessarily establish reasonable cause for failure to file a timely return. Elec. & Neon, Inc. v. Commissioner, 56 T.C. 1324, 1342-1343 (1971), affd. without published opinion 496 F.2d 876 (5th Cir. 1974). More specifically, a third party's failure to provide a necessary Schedule K-1 is not sufficient to establish reasonable cause. See Van Ryswyk v. Commissioner, T.C. Memo. 2009-189; Dunne v. Commissioner, T.C. Memo. 2008-63. Petitioners were required to timely file a return based upon the best information available and to file thereafter an amended return if necessary. See Estate of Vriniotis v. Commissioner, 79 T.C. 298, 311 (1982).

Petitioners have failed to prove reasonable cause for failing to timely file their return for 2003.  Further, they have not presented any evidence of economic hardship.  Accordingly, we sustain respondent's determination with respect to the additions to tax pursuant to section 6651(a)(1) and (2).

In reaching our holdings herein, we have considered all arguments made, and, to the extent not mentioned above, we conclude they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.